**Parsons v. Philadelphia Parking Authority**

*Blondell parsons,* Pro Se.
*Brian Shewlitt,* for defendant.

## OPINION

PANEPINTO, *J.,* November 12, 2010—Appellant, Blondell Parsons (hereinafter referred to as appellant), acting pro se, appeals this court's order entered August 11, 2010 and docketed August 11, 2010, which denied appellant's emergency motion to stay auto sale.

## PROCEDURAL AND FACTUAL BACKGROUND

This matter stems from the filing of a petition to recover auto on March 26, 2010 by the appellant. The appellant had her vehicle (1994 Mitsubishi Galant, VIN 4A3AJ56G3RE089322) impounded by the Philadelphia Parking Authority ("PPA") on January 12, 2010, at the direction of the Philadelphia Police Department, after it was determined the vehicle was operated by an unlicensed driver. The appellant was informed that she was in violation of the Traffic Code, as well as outstanding parking violations that remained unpaid.

Prior to this filing, the appellant had a hearing before the BAA to contest the currently outstanding parking violations from July 2008 and the impoundment of her vehicle at that time. After the hearing in 2008, the appellant had her vehicle released and penalties reduced/eliminated on the condition that she pay the balance within a specific period of time. No payments were ever made after the hearing that occurred in 2008.

At the time the appellant's vehicle was impounded a second time on January 12, 2010, all the outstanding payments were added to the amount due for the current violation in order for appellant's vehicle to be released. On February 3, 2010, an order by the Honorable Pamela Pryor Dembe was entered authorizing PPA to sell at public auction appellant's vehicle on April 1, 2010. By letter on April 5, 2010, PPA informed appellant of her vehicle status, including their intention to list the vehicle for public auction after April 30, 2010 and that "storage fees referenced in the Notice of Impoundment will continue to accrue." The letter also suggested that appellant immediately schedule a hearing before the BAA to review her outstanding

violations. The record does not reflect a hearing occurred at that time. On April 15, 2010, appellant received a notice of immobilization and impoundment of vehicle subject to sale. The notice informed appellant she may recover the vehicle as provided by 75 Pa. C.S. § 6309.2.

On May 5, 2010, the appellant filed a motion to stay proceedings. By order dated and docketed May 5, 2010, the motion to stay auto sale was "temporarily granted for petitioner to go to the Bureau of Administrator adjudication in person and bureau to provide her with balance due on tickets/money owed by her." The May 5, 2010 order listed a hearing date in this matter for May 19, 2010. This court entered an order dated May 25, 2010 and docketed May 26, 2010, remanding the case to the BAA for a full hearing on the outstanding violations. In this order, the sale of appellant's vehicle remained stayed and allowed the matter to be relisted for a hearing on July 21, 2010 if not settled before the BAA. The July 21, 2010 hearing was reschedule by the court to August 11, 2010.

A full hearing was held on August 11, 2010, with appearances by the appellant and a representative of the PPA. After the hearing, this court denied the emergency motion to stay auto sale and lifted the stay on selling the vehicle by order dated and docketed August 11, 2010. On September 8, 2010, appellant filed this appeal to the Commonwealth Court of the order denying the emergency motion to stay auto sale.

## ALLEGATIONS OF ERROR

On September 9, 2010, docketed September 13, 2010, this court entered an order directing appellant to file a Rule 1925(b) statement no later than 21 days after the entry of the order. The docket indicates that notice under rule 236

was given on September 13, 2010. Appellant listed her concise statement of errors complained of on appeal as follows:

The court abused its discretion and committed an error of law by lifting the temporary stay and allowing appellant' property to be sold by the government without due process of law, under the Pennsylvania and U.S. Constitutions, despite significant evidence being offered by appellant that the same car was released by the parking authority after admitting that the tickets charged were not owed by appellant.

## ANALYSIS

Appellant's emergency motion to stay auto sale was not a statutory appeal from the BAA, nor was any direct appeal from the BAA ever filed by the appellant. Appellant failed to offer proof of payment of the fines at any hearing, which resulted in her vehicle being impounded and ultimately allowed to be sold at public auction.

Without a proper record from the BAA regarding the hearings held in this matter, this court must look at the information provided to the appellant as to the procedure for recovering her impounded vehicle. Appellant was sent a letter/notice regarding her vehicle on April 15, 2010, which outlined how she should recover her vehicle. The letter instructed appellant to appear in Philadelphia Traffic Court and follow the procedure for recovering a vehicle as provided by 75 Pa.C.S. §6309.2.

75 Pa.C.S. §6309.2 (2010) provides, in pertinent part:

(d) RECOVERY OF TOWED AND STORED VEHICLE --

(1) The owner or lienholder of any vehicle or combination which has been towed and stored under this section may obtain possession of the vehicle or combination by:

(i) furnishing proof of valid registration and financial responsibility; and...

(ii) (B) if the towing and storage resulted from the operation of the vehicle or combination by a party other than the owner, paying all costs associated with the towing and storage of the vehicle or combination and fines associated with citations issued by the law enforcement officer related to the towing and storage and any other outstanding fines and costs of the owner or making arrangements with the appropriate judicial authority to make payments of all such fines and costs or, in the discretion of the appropriate judicial authority, by installments as provided by the Pennsylvania Rules of Criminal Procedure.

(1.1) In cities of the first class, the appropriate judicial authority shall not issue an order for the release of any vehicle towed and stored pursuant to this section until provisions are made for payment of all fines and penalties associated with violations of any local parking regulation or ordinance or applicable section of this chapter or Chapter 61 (relating to powers of department and local authorities).

(2) Any vehicle not recovered under this subsection may be sold as an unclaimed vehicle, combination or load under section 6310 (relating to disposition of impounded vehicles, combinations and loads). The

proceeds of the sale shall be applied to the payment of the fines and costs associated with the towing and storage of the vehicle.

In the present case, appellant failed to file a direct appeal of the rulings before the BAA. At the hearing before the BAA ordered by the court, appellant stated on the record that she would not pay the amount due to have her vehicle released. The appellant has repeatedly said that the amounts due are incorrect and that she has previously paid the outstanding ticket which are still due on her account with PPA. At no point has the appellant shown this court any receipts of payment or any other documentation that would prove she paid these previous violations. At the August 11, 2010 hearing before this court, the appellant again stated on the record that she was not willing to pay the assessment fees.

In looking at the facts of the case, appellant merely argues that she is being unfairly treated due to not having proper notice of fees and charges against her for violations concerning her vehicle and that she did not receive a fair hearing before the BAA. The court ordered appellant to go back to the BAA in order to get a fair hearing and figure out what she owes. The appellant had the ability to appeal the decision of the BAA and dispute the amount they claim she owes, but appellant choose not to do so. The issue before this court was whether the sale of her auto should be stayed and appellant provided no evidence or testimony for this court to find that the sale should be stayed after the PPA changed the date of the public auction three times already in this case. Under 75 Pa.C.S. §6309.2, the appellant is required to furnish proof that she had paid the outstanding fines and costs, but instead she admitted they were still outstanding. Given these facts, this court

properly denied the emergency motion to stay auto sale in favor of the PPA allowing for appellant's vehicle to be sold at public auction to satisfy her fines and costs.

## CONCLUSION

Overall, the record shows that appellant did not provide proof that her outstanding fines and costs were paid. This court found that no constitutional rights of the appellant were violated, due to appellant having multiple opportunities to go before PPA, BAA and this court to resolve this matter.

Accordingly, for the reasons stated above, this appeal should be denied.